**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**SANDRA CHAPMAN**                                                             **PLAINTIFF**

**VS.**                               **CIVIL ACTION NO. 3:16-CV-613-DPJ-FKB**

**ALLSTATE PROPERTY AND CASUALTY
INSURANCE COMPANY and
JOHN DOES A through E**                                          **DEFENDANT**

## RESPONSE TO PLAINTIFF'S MOTION *IN LIMINE* III "POLICE REPORT DRAWING AND NARRATIVE"

COMES NOW the Defendant, Allstate Property and Casualty Insurance Company, by and through counsel, and submits this, its *Response to Plaintiff's Motion in Limine III 'Police Drawing and Narrative"* and in support thereof would show to unto this Honorable Court as follows:

1. Plaintiff has requested that the narrative and drawing of the investigating officer, Almeia Bolden, be redacted and/or excluded should the report itself be entered as evidence at trial.

2. Plaintiff bases this request upon her position that the drawing and narrative is inaccurate and that Officer Bolden was not an eyewitness to the accident.

3. Officer Bolden may not have been an eyewitness to the accident (few investigating officers are); however, she is competent to testify as to what Ms. Chapman or other involved parties told her at the scene of the accident and as to her observations of and/or at the scene of the accident.

4. Officer Bolden's report may be appropriately used to refresh her recollection under the Federal Rules of Evidence.

5. Plaintiff argues that Officer Bolden's report should be excluded because she is not an accident reconstructionist and did not reconstruct the accident made the basis of this suit.

6. Officer Bolden did, however, make personal observations at the scene of the accident, which she memorialized in her report. Simply because an officer is not an accident reconstructionist does not mean that his or her report, including but not limited to the drawing and/or narrative, is not competent as evidence. This is a memorialization of what the officer found and observed at the scene of the accident.

7. This Court has clearly stated that "law enforcement officers [can] testify regarding their personal observations of the accident scene, but [can] not offer opinions or conclusions concerning the cause of the accident." *Hensley v. Bulk Transp.*, No. 2:13-cv-3-KS-MTP (S.D. Miss. June 4, 2014) (citing *Graves ex rel. W.A.G. v. Toyota Motor Corp.* No. 2:09-cv-169, 2011 WL 4590772 at *9 (S.D. Miss. September 30 2011) (further citations omitted).

8. Defendant is entitled to call Officer Bolden, should it so choose, to testify as to what she observed at the accident scene and what statements of the Plaintiff she may have overheard.

9. Should Plaintiff disagree with the narrative and/or drawing contained in the accident report, which memorialized her personal observations, the appropriate course of action would be for her counsel to cross-examine Officer Bolden during the trial of this matter. An order wholesale prohibiting the introduction of this report is unwarranted and not supported by the Mississippi Rules of Evidence.

10. Defendant would further note that it does not intend to solicit testimony from Officer Bolden as to the cause of this accident.

WHEREFORE, PREMISES CONSIDERED Defendant respectfully would show that the Plaintiff Motion *in limine* III should be denied. Defendant also requests such other and further relief to which it may be entitled under the premises.

Respectfully submitted, this the 6th day of June, 2018.

        ALLSTATE PROPERTY AND CASUALTY
        INSURANCE COMPANY, DEFENDANT

By: */s/ Jenessa Carter Hicks*
    David E. Rozier, Jr. (MSB # 5712)
    Jenessa Carter Hicks (MSB #103287)
    Rozier Law Firm, PLLC
    2091 Old Taylor Road, Ste. 101
    PO Box 2388
    Oxford, MS  38655
    Phone:    (662) 234-0065
    Facsimile:    (662) 234-3007
    Email: dave@rozierlawfirm.com
        jhicks@rozierlawfirm.com

## CERTIFICATE OF SERVICE

I, one of the attorneys of record for the Defendant in the above styled matter, do hereby certify that on this day, I have filed the foregoing pleading via CM/ECF, which sent notice of such filing to the following:

    Lance Stevens
    lstevens@stevensandward.com
    *Attorney for the Plaintiff*

    This the 6th day of June, 2018.

        */s/ Jenessa Carter Hicks*